J-S06033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COLBY RICHARD DIXON | : | |
| | : | |
| Appellant | : | No. 1397 MDA 2022 |

Appeal from the PCRA Order Entered August 30, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003407-2007

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: MARCH 8, 2023**

Appellant Colby Richard Dixon appeals from the order of the Court of Common Pleas of Lancaster County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] PCRA counsel filed a petition to withdraw his representation as well as an accompanying brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After careful review, we affirm the PCRA court's order and grant counsel's petition to withdraw.

The PCRA court summarized the factual background of this case:

The events surrounding [Appellant's] conviction and sentence occurred on May 25, 2007, at Rookies Bar & Grill in Manheim Township, Pennsylvania. [Appellant] arrived at Rookies dressed in a white shirt, jeans, and large diamond earrings. Upon entering Rookies, [Appellant] was observed to be arguing with [a]

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

female, later identified as "Jayla." Sometime thereafter, Keith Pitt, Jr. and Rashad Watts also arrived at Rookies. Inside the bar, Jayla approached Keith Pitt, Jr. and struck up a conversation. During the midst of their conversation, [Appellant] approached and began making comments about Keith Pitt, Jr. and Rashad Watts; [Appellant] continually walked back and forth behind Jayla and Keith Pitt, Jr., only stopping when Jayla walked away from Keith Pitt, Jr.

Approximately twenty minutes after Jayla walked away, [Appellant], while still inside Rookies, began firing a handgun at Keith Pitt, Jr., striking him numerous times. Dale Cook, a bystander standing three feet from [Appellant] when he was firing at Keith Pitt, Jr., later identified [Appellant] as the shooter. Rashad Watts, an associate of Keith Pitt, Jr., also identified [Appellant] as the shooter. Additional witnesses, while unable to specifically identify [Appellant] as the shooter, described the shooter as wearing the same clothing that [Appellant] was observed to have been wearing on the night of the shooting. A New York Yankees baseball hat recovered at the scene of the shooting was found to have [Appellant's] DNA on it.

PCRA opinion, 8/30/22, at 1-2 (citations omitted).

After Appellant was charged in connection with this shooting, a jury convicted Appellant of criminal attempt – homicide, aggravated assault, and recklessly endangering another person. The trial court sentenced Appellant to an aggregate term of twenty-one (21) to forty-two (42) years' imprisonment.

On April 7, 2010, this Court affirmed the judgment of sentence and on September 28, 2010, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Dixon*, 317 MAL 2010 (Pa. 2010); *Commonwealth v. Dixon*, 1426 MDA 2009 (Pa.Super. April 7, 2010) (unpublished memorandum).

On September 12, 2011, Appellant filed his first PCRA petition. After an evidentiary hearing, the PCRA court denied Appellant's petition on December

7, 2012. This Court affirmed the denial of Appellant's first PCRA petition. **See Commonwealth v. Dixon**, 533 MDA 2013 (Pa.Super. January 7, 2014) (unpublished memorandum).

On July 26, 2020, Appellant filed a "Motion for Remand/Newly Discovered Evidence" in which he attached an affidavit from a fellow inmate who claimed to have witnessed the shooting in question and identified the shooter as an individual named DeShawn White. The lower court denied this motion without holding a hearing.

On March 4, 2021, this Court found the lower court had erred in failing to treat the July 26, 2020 motion as a PCRA petition and in failing to issue notice pursuant to Pa.R.Crim.P. 907. This Court remanded for an evidentiary hearing or the proper issuance of Rule 907 notice. **See Commonwealth v. Dixon**, 1135 MDA 2020 (Pa.Super. March 4, 2021) (unpublished memorandum).

Upon remand, the PCRA court held an evidentiary hearing and summarized the testimony of Appellant's proposed witness, La'Quanta Chapman as follows:

> [La'Quanta Chapman] testified that he had met [Appellant] at SCI Greene, and that the two of them had conversed while playing chess together, eventually realizing that they shared a mutual acquaintance - Jayla. [Appellant] revealed Jayla to be the mother of his child, and La'Quanta Chapman admitted that he had dated Jayla, and that the last time he spoke to her, "something crazy happened."
> La'Quanta Chapman testified that Jayla had asked him to meet her at Rookies, and that he arrived after midnight with a friend, DeShawn White, entered Rookies, and saw Jayla speaking

with a group of men. Upon seeing the men, DeShawn White told La'Quanta Chapman that they were being set up to be robbed. After Jayla left the group of men she was with, she began conversing with La'Quanta Chapman, and DeShawn White approached the group of men. La'Quanta Chapman testified that he heard gunshots ring out within Rookies, and that he saw DeShawn White shooting at the group of men that Jayla had previously been speaking with.

La'Quanta Chapman continued that he ran out of Rookies, only to see DeShawn White across the street at a gas station. He indicated that he only spent "a couple of minutes" in Rookies before the shooting occurred, and that the only people he knew in Rookies were Jayla and DeShawn White. He then stated that he jumped in his truck, pulled up to the gas station, told DeShawn White to throw the gun used in the immediate shooting into some bushes, and then the two of them left the area together in La'Quanta Chapman's truck. During the evidentiary hearing, La'Quanta Chapman testified that DeShawn White was wearing dark colored shorts, a white shirt, and a baseball hat. He further testified that he remembered the date of the shooting being May 26, 2007.

On cross-examination, he testified that he had smoked marijuana on the night of the shooting, and that he was standing on the opposite side of the bar from the location in which the shooting took place. La'Quanta Chapman admitted that he could not recall if the alleged true shooter, DeShawn White, was wearing a Yankees or Mets hat, what the lighting was like in the bar, or if anyone else in Rookies was dressed similarly to DeShawn White. Additionally, La'Quanta Chapman testified that he never contacted Jayla again after this incident, nor did he inquire about what happened after that night until he spoke to [Appellant] about it.

PCRA opinion, 8/30/22, at 1-3 (citations omitted). Chapman testified that White is now deceased. PCRA Hearing, 12/9/21, at 19.

At the conclusion of the hearing, the PCRA court denied Appellant's petition as untimely filed and found that Appellant had not pled or proven that he was entitled to a new trial based on the newly discovered fact exception to the PCRA timeliness rules. In the alternative, even assuming that Appellant

had met the timeliness exception, the PCRA court concluded that his after-discovered evidence claim was meritless. This timely appeal followed.

On collateral appeal, Appellant's current counsel was appointed to prepare an appellate brief on Appellant's behalf. Thereafter, counsel filed a petition to withdraw and a no-merit **Turner-Finley** brief.

As an initial matter, we must first review counsel's petition to withdraw.

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner**, **supra** and **Finley**, **supra** and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (quoting

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007) (brackets omitted)).

After reviewing the record and counsel's petition to withdraw, we find PCRA counsel has complied with the technical requirements of **Turner** and **Finley**, **supra**. PCRA counsel detailed the nature and extent of his review,

- 5 -

listed the issue which Appellant wished to appeal, and explained why he believed the claim was meritless. Counsel indicated that after conscientious review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf. Moreover, counsel attached the letter he sent to Appellant in which counsel specifically indicated that he believed the appeal was meritless based on the reasons set forth in his brief and notified Appellant of his right to raise additional points for consideration by proceeding *pro se* or with the assistance of privately retained counsel. ***See Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa.Super. 2016).

We now consider the issue PCRA counsel presents in his brief to ascertain whether the claim entitles Appellant to relief. Appellant acknowledged that the instant PCRA petition was untimely filed but argued that he is entitled to the application of the newly-discovered fact exception to the timeliness requirements.

Our standard of review is as follows:

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (quotation marks and quotations omitted).

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed."

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Subsection 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

_____

[2] Subsection 9545(b) previously required a petition invoking a timeliness exception is required to be filed within sixty days of the date the claim could first have been presented. In an amendment effective December 24, 2018, the legislature modified Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." See 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." **See id.**, cmt.

In this case, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 28, 2010 and Appellant did not seek discretionary review in the Supreme Court of the United States. Thus, Appellant's judgment of sentence became final on December 27, 2010, when the ninety-day period for filing a petition for allowance of appeal in the U.S. Supreme Court expired. **See** U.S. Sup. Ct. R. 13. As a result, Appellant had until December 27, 2011 to file a timely PCRA petition. Thus, Appellant's petition filed on July 26, 2020 is facially untimely.

Appellant claims the PCRA court erred in finding Appellant failed to satisfy the newly-discovered fact exception to the PCRA time bar under Subsection 9545(b)(1)(ii). "To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017). If the petitioner can establish both prongs, then the PCRA court may exercise jurisdiction over the matter. **Commonwealth v. Fears**, 250 A.3d 1180, 1199 (Pa. 2021). Our courts have indicated the focus of Subsection 9545(b)(1)(ii) is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Maxwell**, 232 A.3d 739, 745 (Pa.Super. 2020).

Appellant's instant petition requesting a new trial is based on his discovery of the testimony of La'Quanta Chapman, who asserts that he witnessed DeShawn White commit the shooting at issue. The PCRA court

- 8 -

concluded that Appellant failed to satisfy the newly-discovered fact timeliness exception based on its determination that Chapman's testimony is simply a new source for an argument that Appellant had previously advanced at trial, e.g., that another individual committed crimes for which Appellant was convicted. The PCRA court observed that the defense theory at trial was mistaken identity as Appellant had argued that the shooter was wearing similar clothing that resembled Appellant's attire on the night of the shooting.

However, the fact that Appellant claimed at trial that the prosecution failed to prove he was the shooter does not support the PCRA court's finding that Mr. Chapman's affidavit merely constitutes a "newly willing source for *previously known facts*." **Maxwell**, 232 A.3d at 745 (emphasis added). Rather, Chapman claims that he witnessed another individual, who Appellant did not identify at trial, commit the shooting in question. This allegation, if proven, would constitute a newly discovered fact. **See Commonwealth v. White**, 237 A.3d 439, 478 WDA 2019 (Pa.Super. May 8, 2020) (unpublished memorandum) (finding eyewitness testimony identifying a second individual as a shooter present at the scene to be a newly discovered fact).[3]

Our review of the record shows that Appellant alleged in his petition that he first learned of DeShawn White's involvement in the crimes at issue after he met and conversed with Chapman, a fellow inmate, in June 2020. At the

---

[3] We acknowledge that the **White** decision is not binding precedent, but may be considered as persuasive authority. **See** Pa.R.A.P. 126(b) (permitting the citation of non-precedential decisions filed by this Court after May 1, 2019 for their persuasive value).

PCRA hearing, Chapman testified that after becoming acquainted with Appellant, he informed Appellant that he witnessed DeShawn White commit the shooting for which Appellant is incarcerated. Thereafter, Appellant filed his "Motion for Remand/Newly Discovered Evidence" on July 16, 2020.

The PCRA court found that even assuming that Appellant had met the newly-discovered fact timeliness exception, Appellant's claim that he is entitled to a new trial based on after-discovered evidence is meritless.

It is important to note the difference between the newly-discovered fact exception to the PCRA time-bar as set forth in Subsection 9545(b)(1)(ii) and a claim for relief based on after-discovered evidence pursuant to 42 Pa.C.S.A. § 9542(a)(2). Once the PCRA court's jurisdiction has been properly invoked by a petition that has been timely filed or satisfies one of the PCRA timeliness exceptions, a petitioner raising a claim of after-discovered evidence must prove that "(1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." **Burton**, 158 A.3d at 629 (quoting **Commonwealth v. D'Amato**, 856 A.2d 806, 823 (Pa. 2004)).

In reviewing Appellant's after-discovered evidence claim, we focus on the last prong to assess whether Mr. Chapman's testimony would likely compel a different verdict if presented at trial. Our Supreme Court has held that the "salutary goal of the after-discovered evidence rule [is] to limit continued

- 10 -

litigation without being so rigid as to shut out [after-]discovered evidence **from a credible source** which may lead to a true and proper judgment." ***Commonwealth v. Small***, 189 A.3d 961, 975 (Pa. 2018) (citation omitted, emphasis added).

When addressing an after-discovered evidence claim based on presentation of exculpatory eyewitness testimony, the PCRA court must assess the witness's credibility and its impact, if any, on the outcome of the case. ***See generally***, ***Commonwealth v. Williams***, 732 A.2d 1167, 1181 (Pa. 1999) (noting that the PCRA court is in a superior position as factfinder to assess the importance of a witness's testimony to the outcome of the case). In determining whether after-discovered evidence is of such nature and character that it would compel a different verdict if a new trial were granted, "a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." ***Commonwealth v. Padillas***, 997 A.2d 356, 365 (Pa.Super. 2010).

In this case, the PCRA court specifically found that Chapman's testimony lacked credibility. First, the PCRA court noted that Chapman only recalled facts about the shooting that were included in the discovery information such as the date of the incident, the location of the shooting, and the allegation that the shooter stashed the gun in some bushes by a nearby gas station. Second, the PCRA court found it peculiar that Chapman could remember the exact date

of the shooting that occurred on May 25, 2007, when he testified that he had not thought about the shooting until he met Appellant in prison in June 2020.

Third, evidence presented by the Commonwealth at trial contradicts Chapman's allegations. The prosecution presented the testimony of two eyewitnesses who positively identified Appellant as the shooter; one of those eyewitnesses was standing only three feet away from Appellant. The prosecution also obtained statements from twenty-one witnesses who were present at the bar at the time of the shooting and none of them mentioned La'Quanta Chapman or DeShawn White. In addition, police recovered a New York Yankees cap at the crime scene with Appellant's DNA on it.

Fourth, the PCRA court pointed out that Chapman alleges that the shooter was actually DeShawn White, who is now deceased, cannot defend himself against these accusations, and cannot be charged in connection with the shooting. Lastly, the PCRA court noted that Chapman had nothing to lose by testifying in this case as he is serving a life sentence for murder. Based on this evidence, the PCRA court shared its suspicion that Appellant and Chapman had collaborated in prison to fabricate these allegations in an attempt to seek a new trial for Appellant on these charges.

As a result, we find the PCRA court correctly determined that Appellant is not entitled to collateral relief based on his claim of after-discovered evidence as there was no reasonable possibility that a jury would have credited Chapman's testimony and rendered a more favorable verdict for Appellant. Accordingly, we conclude that the PCRA court properly dismissed

Appellant's petition, which does not contain any issues of arguable merit. Therefore, we affirm the PCRA court's order dismissing Appellant's petition and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/2023